CASTLE & COOKE *vs.* G. H. LUCE, Tax Collector.

SUBMISSION.

APRIL TERM, 1885.

JUDD, C. J.; McCULLY and AUSTIN, JJ.

Revenue laws are to be construed strictly.

A tax on premiums of insurance companies for "policies issued during the year," held to apply only to new policies, not to annual premiums on a life policy.

OPINION OF THE COURT, BY JUDD, C. J.

THE plaintiffs, as agents of the New England Mutual Life Insurance Company, claim to be refunded taxes paid under protest for 1884, being $68.39, a tax of 1 per cent. upon $6,839, amount of premiums received during the year by the said insurance company upon policies issued previous to the 1st day of July, 1883.

The statute by the authority of which the tax in question was levied is Sec. 17 of the Taxation Act of 1882 (Compiled Laws, p. 120). It reads as follows:

40

" All fire, marine and life insurance companies carrying on business in this Kingdom shall pay for and in respect of every one hundred dollars received by such companies respectively for premiums on policies issued by such companies during the year preceding the assessment, the sum of one dollar, and such companies shall not be charged with any other taxes or duties under this Act."

It is contended, on behalf of the plaintiffs, that by the letter of the statute the annual premiums received by insurance companies are not taxable ; that the law authorizes the taxation only of amounts received for premiums on policies issued by the company during the year ending the 20th June, 1884.

On behalf of the defendant, the Attorney General contends that it was the intention of the Legislature to tax insurance companies on their annual receipts, that thus they might bear their proper share of the burden of taxation ; that Sec. 34 of the same Act, requiring agents of insurance companies to deliver to the Assessor " a return showing the amount received for premiums during the year preceding," on the said first day of July, further indicates this intention of the Legislature. Sec. 35 provides that upon the failure to make returns the assessor may make such assessment according to the best information within his reach, and the same shall be conclusive.

### BY THE COURT.

"The underlying principle of all construction is that which seeks the intent of the Legislature in the words employed to express it. Beyond the words we are not to look, where the meaning is plain and intelligible. If the law is plain and unambiguous, the Legislature must be intended to mean what has been plainly expressed and nothing remains but to give the intent effect." Cooley on Taxation, p. 198, and cases there cited.

Section 9 of the Civil Code, on the construction of laws, prescribes that "the words of a law are generally to be understood in their most known and usual signification."

We find the law authorizing the taxation of insurance companies (Sec. 17 of the Act of 1882, above recited) to be plain and intelligible. It declares that insurance companies, whether fire, marine or life, carrying on business in this Kingdom, shall pay a

tax of one dollar on every one hundred dollars received by such companies *"for premiums on policies issued by such companies during the year preceding the assessment."*

That is to say, premiums received on *policies issued* during the year preceding the assessment are taxable.

"The general or popular use or meaning" of the phrase in question (and this, by Sec. 9, above referred to, is the general rule of construction), would be that it applied to policies newly issued during the year. Thus, if an insurance agent, speaking of his business, should say that he had issued one hundred policies during the year, no one would be expected to understand that one hundred was the total number of outstanding policies issued during several previous years up to that time, but he would be understood to declare that such was the amount of new business done.

No other construction is admissible. To enable the Collector to charge insurance companies with a tax on all *premiums received* during the year, would require the suppression of the words "on policies issued by such companies during the year." These words limit the premiums which are taxable to those collected on policies issued during the year, and must have some effect. But it is urged that this construction would deprive the Government of the tax upon the annual receipts of life insurance companies for premiums, for these companies do not issue policies to their insured annually, their practice being to issue a policy when the risk is taken, which is kept alive by the payment of annual premiums until the event happens which requires the payment of the amount insured in the policy. Certainly there exists no good reason why life insurance companies should be thus exempted, but this is a matter for the Legislature to cure. The argument is made that the payment of the annual premiums is equivalent to a new contract of insurance, for it keeps alive what would otherwise be a dead policy. The answer to this is that the law imposing the tax says plainly that premiums only on *policies issued* during the year are taxable and it does not say on policies kept alive during the year by the performance of the condition precedent.

The implication of Sec. 34 is that the tax shall be paid on "the

amount received for premiums" on all policies during the year, else why is it required to be returned. It is also reasonable to consider that the annual tax should be paid on the annual income of premiums, rather than that the premium of a policy should be taxed only the first year and thereafter be exempt. But, *quod voluit non dixit.* What was intended was not expressed. The different sections may not be inconsistent with each other. It is by Sec. 17 that the tax is imposed. Can an additional tax be imposed by the section which provides for the return ? · We think not.

We think that revenue laws are to be construed strictly. Says Cooley : " A strict construction in such case is reasonable because presumptively the Legislature has given in plain terms all the power it has intended should be exercised." Cooley, Taxation, p. 200.

Dwarris on Statutes says : " It is a well-settled rule of law that every charge upon the subject must be imposed by clear and unambiguous language. Acts of Parliament which impose a duty upon the public will be critically construed with reference to the particular language in which they are expressed. When there is any ambiguity found the construction must be in favor of the public, because it is a general rule that when the public are to be charged with a burden the intention of the Legislature to impose the burden must be explicitly and distinctly shown." Potters' Dwarris, p. 255.

This view is abundantly supported. See *Wroughton vs. Turtle,* 11 M. and W., 561 ; *Chandos vs. Commissioners,* 6 Exch., 464 ; *Sewall vs. Jones,* 9 Pick., 412.

We are of the opinion that the tax in question levied was not authorized by the statute, and so order judgment for the plaintiffs.

*E. Preston,* for plaintiffs.

*Attorney-General Neumann,* for defendants.

Honolulu, April 9, 1885.